

I N  T H E

# Court of Appeals of Indiana

In the Matter of the Unsupervised Estate of Willie M. May, Deceased

Malaika Bell,

*Appellant- Interested Person*

v.

Kenyatta Carter,

*Appellee- Petitioner*



FILED

Mar 07 2025, 10:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 7, 2025

Court of Appeals Case No.
24A-EU-1877

Appeal from the Madison Circuit Court

The Honorable C. William Byer, Jr., Special Judge

Trial Court Cause No.
48C03-2207-EU-000397

**Opinion by Judge Felix**
Judges Mathias and Foley concur.

**Felix, Judge.**

## Statement of the Case

On the day she died, Willie May allegedly executed a deed that transferred real estate to Malaika Bell, one of May's daughters. After May's death, a dispute arose regarding who owned the real estate—May's estate or Bell. After an evidentiary hearing, the trial court concluded the deed was invalid and the real estate belonged to May's estate. Bell now appeals and raises one issue for our review: Whether the deed is invalid.

We affirm.

## Facts and Procedural History

On June 21, 2022, May allegedly signed an Affidavit of Survivorship and Warranty Deed, both of which concerned the property commonly known as 101 Mill Stream Lane, Anderson, Indiana (the "Anderson Property"). The Affidavit of Survivorship clarified that May owned the Anderson Property in fee simple since her husband's death. The Warranty Deed transferred the Anderson Property to May and Bell as joint tenants with rights of survivorship. Both the Affidavit of Survivorship and the Warranty Deed were purportedly notarized by Chastity Hardin-Glazebrooks on June 21. Also on June 21, May died.

On June 27, 2022, the Affidavit of Survivorship and Warranty Deed were recorded in the Madison County Recorder's Office. On July 8, an estate was

opened for May, and Kenyatta Carter and Maurice May were named co-personal representatives (the "Personal Representatives"). Thereafter, a dispute arose regarding whether the Anderson Property was owned by May's estate or Bell. Bell alleged that she owned the Anderson Property pursuant to the Warranty Deed. The Personal Representatives contended the Affidavit of Survivorship and Warranty Deed were invalid for numerous reasons, including the alleged invalidity of Hardin-Glazebrooks's notarization.

[5] At an evidentiary hearing on the dispute, Hardin-Glazebrooks testified that she did not witness anyone sign the Affidavit of Survivorship and she did not witness anyone sign the Warranty Deed. Instead, both documents were already signed by the time she arrived at May's residence. In a letter to the Indiana Secretary State regarding her failure to witness May signing the Affidavit of Survivorship and Warranty Deed before acknowledging them, Hardin-Glazebrooks stated that Bell "had already signed for her mother and I notarized" the documents. Ex. Vol. I at 8. Hardin-Glazebrooks also testified that although she did not see May on June 21, she did hear her breathing in another room. As a result of this incident, the Indiana Secretary State revoked Hardin-Glazebrooks's notary commission.

[6] After the evidentiary hearing, the trial court determined that the Warranty Deed is "invalid as a matter of law" and "cannot be considered a gift." Appellant's App. Vol. II at 183. Consequently, the trial court ordered the Warranty Deed to "be made void as a matter of law" and that the Anderson Property "shall revert back to Willie Mae May and shall be turned over to the

estate of Willie Mae May and distributed accordingly." *Id.* This appeal ensued.

## Discussion and Decision

### The Warranty Deed is Invalid

[7] Bell challenges the trial court's conclusion that the Warranty Deed was invalid. Where, as here, a trial court enters findings sua sponte, we review "issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment." *Steele-Giri v. Steele*, 51 N.E.3d 119, 123–24 (Ind. 2016) (citing *In re S.D.*, 2 N.E.3d 1283, 1287 (Ind. 2014)). "Any issue not covered by the findings is reviewed under the general judgment standard," meaning we will "affirm based on any legal theory supported by the evidence." *Id.* (citing *S.D.*, 2 N.E.3d at 1287).

[8] For a conveyance, such as the Warranty Deed, to be valid, it must have an "acknowledgment" or a "proof," among other requirements. Ind. Code § 32-21-1-13(b)(3). "Acknowledgment" means in relevant part "a principal's declaration, before a notarial officer, that a record has been signed for the purpose stated in the record." *Id.* § 33-42-0.5-2(1). "Proof" means in relevant part a situation in which the witness

(A) appears before a notarial officer;

(B) was personally known by the notarial officer or identified by the notarial officer through satisfactory evidence;

(C) was not a party to, or a beneficiary of, the record being signed by the principal and the witness; and

(D) took an oath or gave an affirmation and testified to the following:

> (i) The witness signed the record.

> (ii) The witness identified the principal who signed the record.

> (iii) The witness personally observed the principal sign the same record that the witness signed.

*Id.* § 32-21-2-1.7(2). If a witness "appears" before a notarial officer, then they were "physically present before the notarial officer," "able to interact with the notarial officer," and "able to physically exchange tangible credentials or other documentation with the notarial officer." *Id.* § 33-42-0.5-3(1).

[9] The Warranty Deed does not have a valid acknowledgment or proof because Hardin-Glazebrooks did not meet May on June 21, let alone witness her sign the Warranty Deed. Nevertheless, Bell contends Hardin-Glazebrooks's failure to witness May signing the Warranty Deed does not invalidate the deed pursuant to Indiana Code section 33-42-16-1. That section provides in relevant part as follows:

> (a) The failure of a notarial officer to perform a duty or meet a requirement specified in [Indiana Code article 42] does not invalidate a notarial act performed by the notarial officer.

(b) The presumed validity of a notarial act under this section does not prevent an injured party from seeking:

   (1) the invalidation of a record or transaction reliant upon an incomplete notarial act; or

   (2) any other remedy provided by the laws of Indiana or the laws of the United States.

I.C. § 33-42-16-1. A "notarial act" includes "[t]aking an acknowledgment" and "[t]aking a proof." *Id.* § 33-42-0.5-18(1), (6). Because May did not appear before Hardin-Glazebrooks or sign the Warranty Deed in Hardin-Glazebrooks's presence, Hardin-Glazebrooks did not take an acknowledgment or take a proof; that is, Hardin-Glazebrooks did not perform a notarial act. *See id.* Consequently, Indiana Code section 33-42-16-1(a) cannot cure Hardin-Glazebrooks's failures here.

Based on the foregoing, the Warranty Deed lacks an acknowledgment or proof, so it is invalid.[1] *See* I.C. § 32-21-1-13(b)(3). Nevertheless, Bell maintains the Warranty Deed "should not be voided due to the act of a Notary. . . . Not upholding the deed would be unjust." Appellant's Br. at 16. Bell does not cite any precedent under which an invalid deed may be upheld or reformed, nor

---

[1] Because we conclude the Warranty Deed is invalid for lack of acknowledgement or proof, we need not address Bell's arguments regarding May's competence. However, we observe that there is ample evidence that May was not competent on June 21. *See* Tr. Vol. II at 87–88 (stating May "was just kind of lying there," not moving and not talking), 95–96 (describing May as "nonresponsive," noting she "didn't talk at all. Never opened up her eyes, never anything.").

does she present any argument on why the Warranty Deed should be upheld despite its lack of acknowledgement or proof. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring cogent reasoning and citations to authority). Consequently, Bell has waived this claim for our review. *See Miller v. Patel*, 212 N.E.3d 639, 657 (Ind. 2023) (emphasis added) (quoting *Dridi v. Cole Kline LLC*, 172 N.E.3d 361, 364 (Ind. Ct. App. 2021)) ("We will not step in the shoes of the advocate and fashion arguments on his behalf, 'nor will we address arguments' that are 'too poorly developed or improperly expressed to be understood.'").

[11] The trial court did not err when it concluded the Warranty Deed was invalid and ordered it to be made void. We affirm the trial court's decision.

[12] Affirmed.

Mathias, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Ana M. Quirk
Quirk & Hunter, PC
Muncie, Indiana

ATTORNEY FOR APPELLEE

Zechariah D. Yoder
Adler Attorneys
Noblesville, Indiana